RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROBERT BROWN, )<br>    Plaintiff, )<br>)<br>)<br>Vs. )<br>JAME DELOACH, Individually and )<br>Officially as Warden of Draper )<br>Correctional Center; )<br>ANTHONY SMITH, Individually and )<br>Officially as security Officer of )<br>Draper Correctional Center; )<br>WONDA HILL, Individually and )<br>Officially as Steward of Draper )<br>Correctional Center; )<br>OAKLEE WILLIAMS, Individually )<br>And Officially as Chief Steward of )<br>Draper Correctional Center; )<br>BOB RILEY, Individually and officially )<br>As Gov. of the State of Alabama; )<br>DONAL CAMPBELL, individually and )<br>Officially as Commissioner of Alabama )<br>Department of Corrections; )<br>JIMMY RHODES, individually and )<br>Officially as Director of Institutional )<br>Services; )<br>NATHANIEL PARKER, individually and )<br>Officially as Food Service Specialist; )<br>And DOTTIE MOSLEY, individually and )<br>Officially as consultant Dietitian, )<br>    Defendants, ) | CIVIL ACTION NO. 2:06CV29-mht<br><br><br><br>**DEMAND FOR JURY TRIAL** |

## NATURE OF THE ACTION

1.  This is a 1983 action filed by an inmate at the Draper Correctional Center, alleging violations of his constitutional rights. Plaintiff also alleges that he has been deprived of rights protected by state law. Plaintiff seeks money damages, and declaratory and injunctive relief. The plaintiff requests a trial by jury.

1

## JURISDICTION

2. This action arises under the Eighth and Fourteenth Amendment to the United State Constitutional and 42 U.S.C. 1343 1983. This court has jurisdiction under 28 U.S.C. 1343. 28 U.S.C. 2201 authorizes plaintiff's request for declaratory relief. Plaintiff also requests that the court exercised its pendent jurisdiction over the plaintiff's state law claims.

## PARTIES

3. Plaintiff Robert Brown incarcerated at the Draper Correctional Center (hereinafter: "DCC").

4. Defendant James DeLoach is the Warden of DCC, and is responsible for the operation and management of it. He is ultimately responsible for the training and supervision of the correctional personnel employed at DCC. He is sued in his individual and official capacities.

5. Defendant Bob Riley, Governor of the State of Alabama, fail correct the knowingly overcrowded level-4-security prison facilities in the State of Alabama. Specifically DCC and further complicated the disproportionate number of inmates to officers

and/or conspiring to do the same on the basis of creating a dangerous, hostile and hazardous jungle like environment within the State of Alabama prison systems. He is over 21 years of age and is sued in his individual and official capacities, with respect to first cause of action.

6. Defendant Donal Campbell, Commissioner of the State of Alabama Department of Corrections, is over 21-years of age and is sued in his official capacity with respect to second cause of action and all claims herein in his individual and official capacity.

7. Defendant Nathaniel Parker Food Service Specialist for the State of Alabama Department of Corrections, is over 21-years of age and is sued in his official capacity with respect to second cause of action claimed herein in his individual capacity.

8. Defendant Dottie Mosley, Consultant Dietitian for the State of Alabama Department of Corrections, is over 21-years of age and is sued in her official capacity with respect to second cause of action claimed herein in her individual capacity.

9. Defendant Anthony Smith, an agent of defendant DeLoach, is a correctional officer at DCC is sued in his individual and official capacities.

10. Defendant Oaklee Williams, an agent of defendant DeLoach, is Chief Steward in charge of DCC kitchen he is sued in his individual and official capacities.

11. Defendant Wanda Hill an agent of defendant Oaklee Williams, is a Steward at DCC kitchen. She is sued in her individual and official capacities.

12. Defendants are officials of the state of Alabama Department of Corrections who have committed and/or is responsible for the wrongdoing by which Plaintiff has been injured and shall continue to be injured. The conduct for which Defendants are liable at law and in equity constitutes state action and is under the color of statutes, ordinances, regulation, and/or customs of the State of Alabama.

## **FACTUAL BACK GROUND**

13. On March 28, 2005, Plaintiff assigned duties of cook in the Alabama Department of Corrections' Draper Correctional Center by Defendant DeLoach to work under supervision of defendants Williams and Hill, with the security of Correctional Officer I (COI), Defendant Smith. Defendant Kelvin Goodwin, and several other inmates were assigned similar duties through out the kitchen.

14. While Plaintiff were trying to prepare the meals requested for the day by Defendants Mosley, Parker, Rhodes, and Campbell. Plaintiff informs Defendant Hill that other inmates were not working. Defendant Goodwin started arguing with Plaintiff, but started to help with the kitchen work, with no further incident.

15. Defendant Goodwin got cooking grease from Defendant Hill. In a time period of approximately 2-hours, Defendant Goodwin premeditatedly boiled the grease in a metal pitcher and waited until Plaintiff came in area the stove to throw the boiling grease in the Plaintiff's face and attacked him with a boat

petal, causing Plaintiff to be hospitalized, and suffer everlasting pain and disfigurations to his face.

16. No security was available to stop Defendant Goodwin from assaulting Plaintiff, as owed to Plaintiff by the State of Alabama Department of Corrections. Defendant Smith was assigned to secure the kitchen, but left the kitchen area without requesting for another officer to watch or secure his post, and but for lack of security the result would have been different, or not as shocking.

17. While the influx of inmates in the kitchen are left only with untrained supervision of the kitchen Stewards, whose lives are also in danger by unsecured and uncontrolled prisoners. Under constant threats of violence.

18. The policies, practices, and customs of the Defendants caused Plaintiff to be assaulted and suffer injuries so severe that Plaintiff had to be transported to a free world hospital for surgery, and left with permanent facial disfiguration.

Defendant DeLoach failed to take corrective action concerning the allegation described herein, even after countless reports of the violence in the institution.

## CAUSE OF ACTION

19. The actions of the defendants described herein deprived the plaintiff of due process of law guaranteed him by the Fourteenth Amendment to the United States Constitutional and protected by 42 U.S.C. 1983.

20. The action of the defendants described herein deprived the plaintiff of the right to be free of cruel and unusual punishment pursuant to the eighth and Fourteenth Amendment to the United State Constitutional and protected by 42 U.S.C. 1983.

21. The action of the defendant described herein violated the Alabama law of assault and battery and the regulations of the Alabama Department of Corrections with respect to providing security to protect inmate from attacks from other inmates.

## **PRAYER FOR RELIEF**

Wherefore, the plaintiff prays that this court:

1. Declare that the actions described herein deprived the plaintiff of rights guaranteed to him by the Eighth and Fourteenth Amendment to the United State Constitution, 42 U.S.C. 1983, and state law.

2. Grant permanent injunctive relief enjoining the defendant or their agents:

    a. From using lockdowns to build tension between inmates and staff and inmates to inmates, except when immediately necessary to prevent injury, death, or the destruction of valuable property;

    b. From using shortage of security staff in the institution to secure the facility to prevent injury, death, or the destruction of valuable property; and

3. Award the plaintiff compensatory damages in an amount $ 150,000 for his pain and suffering, and 125,00 for the permanent damage done to his face.

4. Award the plaintiff punitive damages in the amount of $150,000. against the defendants for the willful and intentional violation of his legal rights.

5. Grant plaintiff such other relief, as the Court deems necessary and just.

Respectfully submitted this 10th day of January, 2006.

Robert Brown, #153819
Draper Correctional Center
P.O. Box 1107 Elmore, AL 36025

RB/library06