IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROBERT BROWN,           )
                        )
         Plaintiff,     )
                        )
    vs.                 )  Case No. 2:06-CV-029-MHT
JAMES DELOACH, ET AL.,  )
                        )
         Defendants.    )

**PLAINTIFF'S OBJECTION TO
DEFENDANT'S ANSWER AND SPECIAL REPORT**

COME NOW the Plaintiff, Robert Brown, pro se, and as Ordered by this Honorable Court on 24th day of February, 2006 in the following manner:

1. Defendants first claim that they are entitled to immunity under Article 1, § 14 of the Alabama Constitution (1901). Plaintiff Object on grounds: that a state officer or employee is not protected by § 14 when he/she acts willfully, maliciously, illegally, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of the law. See Lumpkin v. Cofield, 536 So. 2d 62, 65 (Ala. 1988); Barnes, 530 So.2d at 782; DeStafney v. University of Alabama, 413 So.2d 391, 393 (Ala. 1981); Gill v. Sewell, 356 So.2d 1196, 1198 (Ala. 1978); Unzicker v. State, 346 So.2d 931, 933 (Ala. 1977); and St. Clair

1

County v. Town of Riverside, 272 Ala. 294, 296, 128 So.2d 333, 334 (1961). (Also, see Alabama Dept. of Corrections v. Thompson, 855 So.2d 1016 (Ala.2003)).

2). In support of Plaintiff's ground for objecting to Defendant's immunity defense. Plaintiff show in this case, that Defendant Smith is not entitled to state-agent immunity because his actions were willful directly violated lawful state regulations and was unrelated to the formation or application of governmental policy. Ex parte Cranman, 792 So.2d at 405 (Ala.2000).

3). Defendant Smith knowingly violated Administrative Regulation Number 5-48 L., by leaving his post and going outside of the kitchen without being properly relieved. (See Administrative Regulation No. 5-48 attached hereto as Exhibit "A"). (Cf. Defendant Smith's affidavit attached to defendant's Special Report as Exhibit 2). Defendant Smith admits in his affidavit that he was "... on the back dock ...out of the kitchen". Id. Plaintiff attack occurred because there was only one guard on duty but in a different area of the prison, which was outside. Wherein, the Defendants failed to provide adequate security in violation of Plaintiff's Eighth Amendment right. Lawrence v. Norris,

307 F.3d 745 (8th Cir. 2002), and § 14-3-15 of the Alabama Code 1975.

4). Defendant DeLoach is not entitled to state-agent immunity under paragraphs (1), (2)(d), or (3) of the restatement in *Cranman, Id*. Because he failed to require Smith to obey safeguards of written Standard Operating Procedures (SOP) for Kitchen Security Officer, and in knowingly violating the (SOP) themselves, these defendants were not "discharging duties imposed on a department or agency by statute, rule or regulation, *insofar as the statute, rule or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner.*" *Cranman, id*.

5). Defendants DeLoach and Smith's actions caused no security to be available in the kitchen to stop inmate Goodwin from assaulting inmate Brown, as owed to Brown by the State of Alabama Department of Corrections. Laube v. Haley, 234 F.Supp. 2d 1227 (M.D. Ala.2002).

6). As a result, and evident from the affidavits and statements of fellow inmates working in the kitchen at the time. Inmate Goodwin got cooking grease from defendant Hill; boiled the grease in a metal pitcher; waited until

3

Plaintiff came into stove area, and threw the boiling grease in the Plaintiff's face and attacked him with a boat petal. Which was finally stopped by a: "cell flunky", (some times called a "runner"), who helps the guards maintain order. (See Statement of inmate Jeffery Williams attached to Defendant DeLoach's Affidavit, identified as Exhibit 1).

7). Consequence of no security being in the kitchen, resulted in Robert Brown being hospitalized, and suffering everlasting pain and disfigurations to his face, and the Defendants continued denial of medical treatment for Robert Brown to stop the pain and correct the disfiguration of his face, as alleged in paragraph 15 of Plaintiff's brief. (See also Affidavits and Statements attached to Defendant's Special Report).

8). Plaintiff Object to Defendant's Claim of Contributory Negligence. In support of Plaintiff's Objection Brown says that his actions in no way contribute to his pain and suffering. He merely asked Defendant Hill for some help preparing the meal requested cooked by Defendant Oaklee Williams; Defendant Donal Campbell; Defendant Nathaniel Parker, Food Service Specialist, and Defendant Dottie Mosley, Consultant Dietitian. (See

4

*Statement of Inmate Terry Harris attached to Defendant Smith's Affidavit).*

9). Wherein, Defendant Hill is not entitled to state-agent immunity because her actions were willful directly violated lawful state regulations and was unrelated to the formation or application of governmental policy. *Ex parte Cranman,* 792 So.2d at 405 (Ala.2000). Defendants DeLoach and Smith allowed Defendant Hill to knowingly violated sections of Administrative Regulation Number 5-48 applied to her by her failure to supervise supplies and food items she issued to inmates in preparation for feed the prison population. Knowing that it was a substantial risk of serious harm to inmates working in the kitchen, because she had witnessed several verbal altercation inmate Goodwin started with Plaintiff, because Plaintiff reported that inmate Goodwin was not helping with the cooking.

10). As a result inmate Goodwin was able to boiled cooking grease in a metal pitcher and throw the boiling cooking grease on to Plaintiff's face, cause Plaintiff to suffered serious physical injury to his face, ear, and upper body with everlasting pain, emotional trauma, mental

5

pain, and anguish, all in violation of his federally protected rights. Cranman, id.

11). Defendant Bob Riley, Governor of the State of Alabama, and Defendant Donal Campbell fail correct the knowingly overcrowded Draper Correctional Center in the State of Alabama, and further complicated the disproportionate number of inmates to officers and/or conspiring to do the same on the basis of creating a dangerous, and hazardous jungle-like atmosphere within the Draper Correctional Center in an attempt to have a large scale out-break of violence to get "media attention", at the costs of the safety of the inmate population.

12). The living conditions in the Draper Correctional Center presents an imminent danger to the health of each and every inmate, and constitute cruel and unusual punishment. Pugh v. Locke, 406 F.Supp. 318 (M.D. Ala. 1976).

13). The above mentioned acts and omissions of the Defendants were willful, wanton, malicious, and oppressive and justify the award of punitive damages, and all other damages outlined in the complaint.

## CONCLUSION

A genuine issue of material fact exist as to whether Defendants knowingly violating SOP caused the lack of security and contribute to the attack of Robert Brown.

**WHEREFORE THE PREMISES CONSIDERED**, Robert Brown prays that this Honorable Court set a date for a hearing on this matter, and appoint counsel to represent him in this matter.

Respectfully submitted,

Robert Brown, Pro se

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that the original and a copy of the foregoing were mailed first class, postage prepaid to the Clerk and that copy of the foregoing was mailed first class postage prepaid and properly addressed to counsel of record listed below on the 8th day of March, 2006:

Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130
(334)242-7300

OF PLAINTIFF
Draper Correctional Center
P.O. Box 1107
Elmore, AL 36025

/Draper Library 06

7