IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ROBERT BROWN** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )   **2:06-CV-29-MHT** |
| **JAMES DELOACH, ET AL.** | ) |
| | ) |
|     **Defendants.** | ) |
| | ) |
| | ) |

**RESPONSE TO SHOW CAUSE ORDER AND
SUPPLEMENTAL SPECIAL REPORT**

COME NOW the Defendants, **Anthony Smith and Wanda Hill,** by and through undersigned counsel, and in accordance with this Honorable Court's March 15, 2006, and May 8, 2006, Orders, offer the following response to show cause order and supplemental written report.

**RESPONSE TO ORDER TO SHOW CAUSE WHY
THIS SUPPLEMENTAL REPORT WAS NOT FILED
IN COMPLIANCE WITH THE COURT'S MARCH 15, 2006, ORDER**

In response to the Court's order to show cause, these defendants would offer the court the following explanation:

**1.** Undersigned counsel's office received the court's March 15, 2006, Order, however, due to an inadvertent oversight and/or excusable neglect, the order was filed and calendared under a separate internal case number belonging to a totally separate matter being handled by another attorney in this Office.

2. It was not until after the Court's deadline for a supplemental report had been filed that this oversight came to the attention of the undersigned.

3. Once the oversight was realized, undersigned counsel took immediate steps to obtain the affidavits requested in the order.

4. Plaintiff has not been prejudiced by the inadvertent oversight and resulting delay.

## PARTIES

1. The Plaintiff, Robert Brown, is an inmate of the Alabama Prison System.

2. Defendant Bob Riley is Governor of the State of Alabama.

3. Defendant Donal Campbell is the former Commissioner of the Alabama Department of Corrections.

4. Defendant James Deloach is a warden for the Alabama Department of Corrections assigned to Draper Correctional Facility.

5. Defendant Anthony Smith is a Correctional Officer I for the Alabama Department of Corrections assigned to Draper Correctional Facility.

6. Defendant Anthony Smith is a Correctional Officer I for the Alabama Department of Corrections assigned to Draper Correctional Facility.

7. Defendant Wanda Hill is a Steward I for the Alabama Department of Corrections assigned to Draper Correctional Facility.

8. Defendant Oaklee Williams is a Chief Steward III for the Alabama Department of Corrections assigned to Draper Correctional Facility.

9. Defendant Jimmy Rhodes is a Director of Institutional Services for the Alabama Department of Corrections.

10. Defendant Nathaniel Parker is a Food Services Specialist for the Alabama Department of Corrections and was assigned to Staton Correctional Facility as a chief steward at the time of the facts made the basis of Plaintiff's complaint.

11. Defendant Dottie Mosely is a dietician who is under contract with the Alabama Department of Corrections.

## EXHIBITS

SUPPLEMENTAL EXHIBIT 1 – Supplemental Affidavit of Anthony Smith

SUPPLEMENTAL EXHIBIT 2 – Supplemental Affidavit of Wanda Hill

## PLAINTIFF'S SUPPLEMENTAL CLAIMS

Plaintiff has filed a 1983 action claiming that his constitutional rights were violated in an altercation between plaintiff and another inmate. Plaintiff alleges that Draper prison lacked proper security. Plaintiff alleges that this amounts to a deprivation of due process under the 14th Amendment, cruel and unusual punishment under the 8th Amendment, and assault and battery. Plaintiff specifically alleges that Plaintiff and inmate Goodwin had several verbal altercations in the presence of defendant Hill prior to the attack made the basis of this complaint, and that defendants Hill and Smith heard inmate Goodwin threaten Plaintiff immediately prior to the attack, but left the inmates unsupervised in the kitchen despite their knowledge of a risk to plaintiff's safety.

## DEFENDANTS' SUPPLEMENTAL RESPONSE

1. The Defendants deny that they violated the Plaintiff's constitutional rights.

2. The Defendants deny each and every material allegation not specifically admitted herein and demand strict proof thereof.

3. The Plaintiff has failed to state a claim upon which relief may be granted.

4. The Defendants are immune from suit under the Eleventh Amendment to the United States Constitution.

5. The Defendants are immune from suit due to qualified immunity.

6. The Defendants are entitled to absolute sovereign immunity under Article 1, § 14 of the Alabama Constitution (1901).

7. The Defendants are entitled to state agent immunity.

8. The Defendants are entitled to discretionary function immunity.

9. If there is liability for plaintiffs' injuries, liability rests with persons over whom these Defendants had no control and therefore no cause of action exists against these defendants.

10. The Plaintiff is barred from recovery by the doctrine of contributory negligence.

11. The Plaintiff is not entitled to an award of monetary damages against the Defendants.

12. The complaint fails to allege sufficient facts as would show that the Defendants breached any obligation or duty or otherwise caused or contributed to any injury to the plaintiffs.

13. The Plaintiffs' allegations against these defendants fail due to independent intervening causes.

## SUPPLEMENTAL STATEMENT OF FACTS

On March 28, 2005, Officer Anthony Smith was assigned to the kitchen at Draper Correctional Facility. At approximately 11:00 am, Officer Smith was present on the back dock monitoring inmates pulling trash out of the kitchen. Original Special Report, Statement of the Facts. Steward Wanda Hill was in charge of the kitchen when an inmate ran into the office and informed her that two inmates were fighting. Steward Hill observed Plaintiff and Kerwin Goodwin on the floor fighting. Original Special Report,

Statement of the Facts. Steward Hill called Officer Smith to the cooking area. Upon entering the cooking area, Officer Smith observed Plaintiff's face and upper torso covered in grease. Plaintiff appeared to have been burned by the grease. Original Special Report, Statement of the Facts. Inmate Kerwin Goodwin was also present in the area and acting in a hostile manner. Goodwin was ordered to report to the dining area, and Goodwin complied with that order. Original Special Report, Statement of the Facts. At no time did Steward Hill give inmate Goodwin any grease. Original Special Report, Statement of the Facts. At no time prior to this attack did Officer Smith hear inmate Goodwin threaten Plaintiff, and at no time during this episode did he leave his post as kitchen security officer. Supplemental Exhibit 1. Also, at no time during the day did Steward Hill hear inmate Goodwin and Plaintiff arguing, or hear inmate Goodwin threaten Plaintiff. Supplemental Exhibit 2.

Officer Smith then radioed Sgt. Timothy Logan to report to the kitchen. Approximately 5 minutes later, Sgt. Logan, Lt. James Steele, and Officer Keldric Hawkins entered the kitchen. Sgt. Logan immediately escorted Plaintiff to the Health Care Unit. Plaintiff walked to the Health Care Unit without the need of assistance. Original Special Report, Statement of the Facts.

Lt. Steel questioned Inmate Goodwin regarding the incident, and Goodwin admitted to throwing hot grease on Plaintiff. Goodwin's stated reason was because Plaintiff hit Goodwin first and Plaintiff had been verbally abusing and harassing Godwin foe approximately one week. Original Special Report, Statement of the Facts.

Following the incident, several inmates who were present when the incident took place were questioned. Through this questioning, it was determined that Plaintiff and

Inmate Goodwin had several verbal altercations over a period of a few days. Original Special Report, Statement of the Facts. Neither inmate reported these incidents prior to the kitchen incident. Had the plaintiff reported problems with Goodwin prior to being attacked in the kitchen, the two would have been separated and or transferred pursuant to DOC regulations. Original Special Report, Statement of the Facts. It was also determined that Goodwin was the aggressor in the kitchen incident. After throwing hot grease on plaintiff, Goodwin attempted to hit plaintiff with a large stirring paddle but was prevented from doing so by another inmate. Original Special Report, Statement of the Facts. Without prior knowledge of the existing problems between Plaintiff and Goodwin, no amount of security could have prevented the grease throwing incident. Original Special Report, Statement of the Facts.

## SUPPLEMENTAL ARGUMENT

The Eighth Amendment prohibits the infliction of cruel and unusual punishment. *See,* U.S. Const. amend. VIII. It is true that a prison official's "***deliberate indifference***" to a ***substantial risk*** of serious harm to an inmate violates the Eighth Amendment. *Farmer v. Brennan,* 511 U.S. 825, 828-29, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Accordingly, prison officials have a limited duty to protect prisoners from each other. *Id.* at 833, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811; *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986) (holding that inmates have a constitutional right to be protected from the ***constant*** threat of violence and from physical assault by other inmates). In order to constitute "deliberate indifference," the prison official ***must*** have subjective knowledge of the risk of serious harm, and ***must*** nevertheless fail to reasonably respond to the risk. *Farmer,* 511 U.S. at 837-38, 114 S.Ct. 1970, 128 L.Ed.2d 811. A prison

official must also have a sufficiently culpable state of mind to be deliberately indifferent. *Carter v. Galloway,* 352 F.3d 1346, 1349 (11th Cir. 2003).

Deliberate indifference in the context of a failure to protect claim means that defendant "knows of and disregards an ***excessive risk*** to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." (Emphasis added) *Farmer,* 511 U.S. at 837; *see also Marsh v. Butler Co.,* 268 F.3d 1014, 1028 (11th Cir.2001). "The known risk of injury must be a ***'strong likelihood***, rather than a mere possibility' before a guard's failure to act constitutes deliberate indifference." (Emphasis added) *Brown v. Hughes,* 894 F.2d 1533, 1537 (11th Cir. 1990) (citations omitted); *see also Rich v. Bruce,* 129 F.3d 336, 339-40 (4th Cir.1997) (unless a prison official actually makes the inference that a substantial risk of serious harm exists, he does not act with deliberate indifference even where his actions violate prison regulations or can be described as stupid or lazy); *see also Lewis v. Richards,* 107 F.3d 549, 553 (7th Cir.1997) ("the fact that an inmate sought and was denied protective custody is not dispositive of the fact that prison officials were therefore deliberately indifferent to his safety."). An inmate normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety ***before*** any such harm. *McGill v. Duckworth,* 944 F.2d 344, 349 (7th Cir.1991); *overruled in part on other grounds by Farmer,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811. An "official's failure to alleviate a significant risk that he should have perceived but did not," does not constitute deliberate indifference. *Farmer,* 511 U.S. at 838.

Plaintiff has failed to demonstrate that any of the defendants knew of and disregarded an excessive risk to Plaintiff's health or safety, or that any defendant was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that any defendant drew that inference as is required. Plaintiff has failed to demonstrate that the known risk of injury he alleges was a "strong likelihood, rather than a mere possibility" as is required.

Interestingly, in Plaintiff's initial allegations, it is indicated that Plaintiff never complained to anyone about threats made by inmate Goodwin before the attack. It was only after the defense pointed out in its first Special Report that the allegation that any of the defendants "should have known" of the possibility of an attack by Goodwin simply does not rise to the level required to hold any defendant liable for not protecting Plaintiff that plaintiff filed an affidavit with the new allegations that there were several incidents and threats observed by the defendants prior to the attack made the basis of this suit. Both defendants deny knowledge of any danger of perceived threats, or deliberate indifference to this alleged threat.

Regardless, even if Plaintiff's newly found allegations are to be believed, Plaintiff still does not offer evidence sufficient to sustain the burden of showing the necessary deliberate indifference by the defendants. Plaintiff offers no more than his bare allegations that Defendants Hill and Smith heard some verbal altercations between Plaintiff and Inmate Goodwin. Plaintiff offers nothing other than his speculation as to the thoughts of these defendants to show that the defendants were indeed aware of the alleged threat. The only evidence offered in this case regarding prior knowledge of a threat to plaintiff comes from not only Defendants Hill and Smith, but also from the

testimony and documents provided by Warden Deloach after a thorough investigation into this matter. That evidence clearly demonstrates that there was no prior knowledge of any threat on the part of any of the defendants.

## **CONCLUSION**

There are no genuine issues of material fact, and the Defendants are entitled to judgment as a matter of law. WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the claims against them.

    Respectfully submitted,

    TROY KING
    Attorney General


    /s/ Benjamin H. Albritton
    Benjamin H. Albritton (ALB008)
    Assistant Attorney General


ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

**CERTIFICATE OF SERVICE**

I hereby certify that I have, this the 22nd day of May, 2006, served a copy of the foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Robert Brown, AIS# 153819
Draper Correctional Facility
P.O. Box 1107
Elmore, Alabama 36025

                                       /s/ Benjamin H. Albritton
                                       Benjamin H. Albritton
                                       Assistant Attorney General